O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA BOLTON,<br><br>              Plaintiff,<br>   v.<br>WELLS FARGO BANK, N.A., et al.,<br><br>              Defendants. | Case No. 5:12-cv-1134-VAP(SPx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGE VIRGINIA PHILLIPS [9]** |

    Pending before the Court is Plaintiff Tonya Bolton's Motion to Disqualify Judge Virginia Phillips. (ECF No. 9.) Having considered Plaintiff's arguments, the Court deems the matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

    The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144 permits a party seeking disqualification to file an affidavit setting forth facts and reasons for his belief that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500-01 (N.D. Cal. 1976). Further, the alleged bias must be from an extrajudicial source and "result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

    Under 28 U.S.C. § 455, a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). But the

1  substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the
2  same—"Whether a reasonable person with knowledge of all the facts would conclude
3  that the judge's impartiality might reasonably be questioned." *United States v.*
4  *Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

5        In this case, Plaintiff argues that Judge Phillips should be disqualified because
6  she has "over the years . . . demonstrated clear and blatant bias in favor of . . . Wells
7  Fargo, N.A., by her numerous actions in matters pertaining to [Plaintiff]."  (Mot. 2.)
8  Plaintiff also "feel[s] that [the judge] is prejudges (sic) and bias (sic) against me.  I
9  feel I will not get a fair hearing in her Court." (*Id.*)  And Plaintiff wonders why every
10 case she files ends up before Judge Phillips. (*Id.*)  Other than that, Plaintiff recites
11 various constitutional amendments to support her right to a fair adjudication.

12       The Court notes that Plaintiff filed one previous case before Judge Phillips,
13 which resulted in a dismissal without prejudice. *Bolton v. World Sav. Bank, FSB*, No.
14 5:10-cv-01162-VAP-DTB (C.D. Cal. filed Aug. 5, 2010).  Ostensibly, Judge Phillips'
15 dismissal in that case was based in part on Plaintiff's failure to oppose a motion to
16 dismiss, in addition to other procedural mistakes by the pro se litigant.

17       Judicial rulings alone almost never constitute a valid basis for a bias or
18 partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Rulings by
19 themselves cannot show reliance upon an extrajudicial source, and opinions formed by
20 the judge based on the evidence of the case "do not constitute a basis for a bias or
21 partiality motion unless they display a deep-seated favoritism or antagonism that
22 would make fair judgment impossible." *Id.*

23       Plaintiff is merely dissatisfied with Judge Phillips' previous adverse rulings—
24 and attempts to use those rulings to show bias.  Plaintiff's remedy is to appeal; a
25 disqualification motion serves no purpose unless personal bias is established. *Mayes*
26 *v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling
27 alone is not sufficient bias.").  Upon review, this Court sees no partiality in Judge
28 Phillips's adverse rulings as they are based on Plaintiff's lack of merit and procedural

errors.  Finally, the reason why Plaintiff keeps appearing before Judge Phillips is because, other than the occasional visiting judge, Judge Phillips is the only district judge located in Riverside.

In sum, the Court finds that Plaintiff's motion fails to state sufficient facts and reasons to disqualify Judge Phillips under 28 U.S.C. §§ 144 or 455.  Plaintiff's assertions do not show any personal bias stemming from an extrajudicial source—instead, her affidavit contains only conclusions of bias based on Judge Phillips's adverse rulings.  Accordingly, Plaintiff's motion is **DENIED**.

The Court advises Plaintiff that though she is entitled to her "day in court," there is no guarantee of a win by merely filing a complaint, throwing some motion papers together, and showing up at hearings.  Litigation in federal courts is serious business—it challenges even the most seasoned attorneys.  Needless to say, essentially all pro se litigants are out of their league.  And even if Plaintiff believes that she has a slam-dunk case, fighting pro se against experienced attorneys poses a severe disadvantage.

If Plaintiff cannot afford an attorney, she is advised that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012.  The clinic is open for appointments on Mondays, Wednesdays, and Fridays at 9:30 a.m.  The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions.  Plaintiff is encouraged to visit the clinic for advice concerning her case.

**IT IS SO ORDERED.**

August 9, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**